## Phelps, et al. v. Horner.

(Decided June 5, 1923.)

## Appeal from Warren Circuit Court.

1.  Mines and Minerals—Verdict Allowing Recovery for Drilling Well Held Not Flagrantly Against Evidence.—A verdict allowing recovery by plaintiff for drilling a well and for extra work in bailing it out, notwithstanding defendants' claim that the well had been ruined by plaintiff's negligence, held not flagrantly against the evidence, some of which tended to support plaintiff's claim that the trouble resulted from the improper shooting of the well by defendants.

2.  Trial—Failure to Define "Workmanlike Manner" Held Not Error. —In an action for balance due on a contract to drill a well, where the issues were simple, it was not error to instruct the jury that if the well was completed according to contract, and in a workmanlike manner, plaintiff should recover without furnishing a guide to determine whether or not the contract had been fulfilled, since the words "in a workmanlike manner" conveyed to the jury all that could have been conveyed by a definition of those terms or the employment of additional terms.

3.  Trial—Omission from First Instruction Held Cured by Subsequent Instructions.—Even if the first instruction was erroneous in failing to state the test to determine whether plaintiff had performed his contract to drill a well, the error was cured by subsequent instructions calling attention to the defects claimed by defendant and denying plaintiff's recovery if those defects existed.

THOMAS, THOMAS & LOGAN for appellants.

HERDMAN & ROPER and B. F. PROCTOR for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Appellee brought this suit against appellants to recover the balance due for drilling a well to a depth of 1,150 feet at $2.50 a lineal foot, and $490.00 for fourteen days' extra work in cleaning out and baling the well at the rate of $35.00 per day, and the further sum of $182.70, the value of tools lost. The jury allowed the entire claim of appellee with the exception of $182.70 for tools lost, and from the judgment based on the verdict, this appeal is prosecuted.

The petition alleged, and the evidence for appellee tended to show, that the well was driven to the depth of 1,150 feet, and that the work was properly done. When that depth was reached, appellants decided to shoot the

well. Thereupon appellee, according to the custom there and then prevailing, turned over the well to appellants, who took full charge and assumed all risk incident to the shooting of the well. At that time there was about 600 feet of water in the hole. In shooting the well, appellants negligently permitted one of the shots to be fired above the water, which had the effect of ruining the well. At that time, however, none of the parties knew that the shot had been fired above the water. One of the appellants was in a hurry to go to town and told appellee and his agents to go ahead and lower the tools, that there would be no danger of running them without jars if they kept a tight line. Under these circumstances, the tools were lowered. The hole caved in so that the tools could not be extricated. On the other hand the evidence for appellants tended to show that the hole, as drilled, was crooked and too narrow, and by reason of this fact, and the further fact that they failed to use jars, the tools were lost and the well rendered worthless. A further statement of the evidence is unnecessary. The case is simply one where the evidence on each of the issues was conflicting, and we are unable to say that the verdict is flagrantly against the evidence.

Among the instructions given by the court are the following:

"No. 1. The court instructs the jury that if they believe from the evidence that the plaintiff and defendants entered into a contract whereby the plaintiff was to, and did, drill a well on the Shaker lease in Logan county to a depth of 1,150 feet at the agreed price of $2.50 per foot to drill said well and were to pay plaintiff $35.00 per day for cleaning out and bailing well and shall further believe that said well was drilled and completed according to contract between plaintiff and defendant, and that the plaintiff worked 14 days in cleaning out said well at said price predicated above, and that same was done in a workmanlike manner and according to said contract, then the jury will find for the plaintiff $770.00, balance due plaintiff in drilling said well, and $490.00 for 14 days' work in cleaning out said well, bailing same, and $182.70, value tools lost, the whole recovery not to exceed $1,-442.70. And unless they so believe they will find for defendants.

"No. 2. If the jury believe from the evidence that in drilling said well the plaintiff drilled same in a careless

and negligent manner and so as to cause said hole to be crooked and was not done in a workmanlike manner, and of the proper size, and was drilled smaller than the contract provided for, and was drilled in such a manner as to cause the tools in said well to become obstructed and to interfere with the proper shooting of said well, and shall further believe from the evidence that as a result of said negligence upon the part of plaintiff, if any, in drilling said well plaintiff's tools were hung and lost in said hole, and that by reason of the failure of the plaintiff to remove said tools from said well, said well is worthless and of no value to the defendants, and that defendants have been damaged thereby, then the law is for the defendants and the jury shall so find.

"No. 4. If the jury shall believe from the evidence that at the time the tools were let down in the hole for the purpose of cleaning out said hole that same was done without jars and without instructions from defendants, plaintiff did so at his own risk, and shall believe that by reason of the failure of plaintiff to use said jars the tools were hung and lost in the hole, then the law is for the defendants, and the jury shall so find. And unless they so believe they will find for the plaintiff."

Instruction No. 1 is assailed on the ground that it authorized the jury to determine whether the well was drilled according to the contract, without telling them what the contract was, or furnishing them any guide by which they could determine whether or not the contract had been fulfilled. The case was a simple one, and the real issues were, whether the well had been properly or negligently drilled, and whether the tools were negligently lowered we have no doubt that the use of the words, "in a workmanlike manner," conveyed to the jury all that could have been conveyed by a definition of these terms or the employment of additional words. But even if we assume that the instruction is defective in the respect complained of, it is clear that this defect was fully cured by instructions 2 and 4, which present in a clear and concise manner every defense on which appellants relied.

On the whole we find no error in the record prejudicial to the substantial rights of appellants.

Judgment affirmed.